[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2006
THOMAS K. KAHN
CLERK

------------------------------------

No. 05-16438
Non-Argument Calendar

------------------------------------

D.C. Docket No. 05-60051-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CYNTHIA SMITH,

Defendant-Appellant.

--------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
--------------------------------------

**(October 31, 2006)**

Before EDMONDSON, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Cynthia Smith appeals her conviction for the unauthorized use of credit cards in violation of 18 U.S.C. § 1029(a)(2). No reversible error has been shown; we affirm.

A federal grand jury indicted Smith in March 2005 for the unauthorized use of credit cards issued to Sigalit Elharar, some eighteen months after the investigation was completed in September 2003. Trial was initially scheduled for May 2005. In April 2005, the government filed a petition for writ of <u>habeas corpus ad testificandum</u> for Elharar, who was incarcerated in the Browerd Correctional Institution, seeking her production to testify at the trial. The district court granted the writ; but Smith was granted a continuance. The trial was re-set for July 2005.

In June 2005, a magistrate judge issued a material witness warrant pursuant to 18 U.S.C. § 3144,[1] finding that Elharar was an essential witness and that the arrest was necessary to ensure her presence at trial because she was currently held by the Department of Homeland Security ("DHS") awaiting imminent deportation

---

[1] 18 U.S.C. § 3144 states:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

after her release from prison.[2]  On 1 July 2005, Elharar and the government filed simultaneous emergency motions, pursuant to 18 U.S.C. § 3144 and Fed. R. Crim. P. 15(a),[3] requesting an order directing the parties to depose Elharar to preserve her testimony for trial.  After the court offered to try the case the following day and Smith's counsel refused, the court granted the government's motion.

The sworn video-deposition of Elharar took place on 7 July 2005, in a federal courtroom and in the presence of the district court judge, a court reporter, Smith, and her counsel, who cross-examined Elharar.  In the deposition, Elharar denied having authorized Smith to use her credit cards or credit information. Smith later moved to exclude the deposition, arguing that no exceptional

---

[2] Elharar was en route to the airport for deportation back to Israel when she was arrested pursuant to the material witness warrant.

[3] Rule 15(a) reads as follows:

> (1) In General. A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.
> (2) Detained Material Witness. A witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties. The court may then order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript.

Rule 15(f) provides that the use of such depositions at trial is governed by the Federal Rules of Evidence.

circumstances justified the deposition and that its admission violated her Sixth Amendment right of confrontation.

The district court denied Smith's motion and admitted the deposition, holding that Elharar was unavailable for trial "through no fault of the Government's" and that Smith's Sixth Amendment rights were satisfied by her presence and opportunity to cross-examine Elharar at the deposition, which took place under "trial-type circumstances." Portions of the deposition were played for the jury at Smith's trial, and she was convicted and sentenced to five (5) months of incarceration and 150 months of supervised release. Smith now appeals her conviction, arguing that the admission of the deposition violated her Sixth Amendment right of confrontation.

We review the district court's ruling on Smith's Sixth Amendment claim de novo. United States v. Yates, 438 F.3d 1307, 1311 (11th Cir. 2006)(en banc). But, to the extent that Smith's argument challenges the district court's authorization of the deposition based on its finding of "exceptional circumstances," we review that decision for abuse of discretion only. United States v. Ramos, 45 F.3d 1519, 1522 (11th Cir. 1995).

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."

U.S. Const. amend. VI. This clause "guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." Yates, 438 F.3d at 1312 (quoting Coy v. Iowa, 487 U.S. 1012, 1016, 108 S. Ct. 2798, 2801,101 L.Ed.2d. 857 (1988)). Thus, testimonial hearsay, such as Elharar's taped statements, may only be introduced at trial when (1) the declarant is unavailable, and (2) the defendant had a prior opportunity to cross-examine the declarant. Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct.1354, 1374, 158 L.Ed.2d 177 (2004). Smith does not claim–nor could she–that the admission of Elharar's sworn deposition violated her right to a face-to-face confrontation with Elharar, denied her an opportunity to cross-examine Elharar, or impaired her defense by denying the jury an opportunity to observe Elharar's demeanor during the testimony. See Maryland v. Craig, 497 U.S. 836, 846, 110 S.Ct. 3157, 3163, 111 L.Ed. 2d 666 (1990); United States v. Mueller, 74 F.3d 1152, 1156-57 (11th Cir. 1996). Smith's only argument is that Crawford's unavailability element has not been met because the government caused Elharar's unavailability by delaying the indictment and by failing to reach an agreement with DHS to parole Elharar for trial. See Fed. R. Evid. 804(a) ("A declarant is not unavailable . . . [if her] absence is due to procurement or wrongdoing of the proponent of the statement.").

Contrary to Smith's assertions, however, the record indicates that Elharar's unavailability at trial was caused by several factors, including Smith's own request for a continuance and refusal to try the case immediately upon learning that Elharar's deportation was imminent. No evidence shows that the government deliberately delayed prosecuting Smith's case. The government also adduced evidence, including the testimony of a DHS official, showing that it made diligent (but unsuccessful) efforts to secure DHS's agreement to parole Elharar pending trial. We are not in the position to second guess DHS's refusal to release a convicted drug-trafficker into the community. Thus, the government showed that Elharar was "unavailable to testify despite its good faith efforts to obtain h[er] presence at trial," United States v. Siddiqui, 235 F.3d 1318, 1324 (11th Cir. 2000), and the admission of her deposition did not violate Smith's right of confrontation.[4] This decision is in line with cases from other circuits. See United States v. Rivera, 859 F.2d 1204, 1207 (4th Cir. 1988) (upholding admission of Rule 15 deposition of non-citizen witnesses who voluntarily departed the country before trial under

_____

[4]We note that Smith's reliance on our en banc decision in United States v. Yates, 438 F.3d 1307 (11th Cir. 2006) (en banc), is misplaced. In that case, we held that a criminal defendant's Sixth Amendment rights were compromised by the district court's acceptance of trial testimony through live, two-way video conferencing because the electronic means did not allow physical, face-to-face confrontation. Id. at 1315. That is not the case here, where Smith was physically present during Elharar's testimony. See id. at 1317 (noting that "Rule 15, properly utilized, protects a defendant's confrontation rights by affording the defendant an opportunity to be present at the deposition")

6

threat of deportation); United States v. Acevedo-Ramos, 842 F.2d 5, 7-8 (1ˢᵗ Cir. 1988) (upholding use of Rule 15 deposition at federal trial in Puerto Rico when Massachusetts would not release witness to testify).

For similar reasons, Smith's challenge to the district court's finding that "exceptional circumstances" existed to warrant the deposition must also fail. In determining whether the moving party has established that exceptional circumstances exist, the district court must consider probable unavailability, materiality to the movant's case, and countervailing factors that may render the deposition unjust to the non-movant. United States v. Drogul, 1 F.3d 1546, 1552 (11ᵗʰ Cir. 1993). Smith does not claim that Elharar's testimony was not material or that taking the deposition was unjust; she merely raises the same argument about unavailability. For the reasons stated above, we reject her position and conclude that the district court did not abuse its discretion in determining that exceptional circumstances warranted a deposition under Rule 15.

We conclude that the district court did not err in ordering that Elharar's sworn testimony be preserved pursuant to Rule 15(a) and that the admission of her deposition at trial did not violate Smith's Sixth Amendment right of confrontation. Smith's conviction and sentence is therefore

AFFIRMED.